[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This motion raises the question whether the amount of damages a plaintiff is required to pay to a plaintiff under Sec. 52-572h of the General Statutes can be reduced by the percentage of negligence of a municipality because of a defective highway, even though the plaintiff cannot recover any damages from the municipality itself since it is not the sole proximate cause of the plaintiff's injuries.
The first count of the complaint alleges negligence against the operator and owner of a motor vehicle which collided with the plaintiff's car at the intersection of two public highways in Danbury. The second count alleges a defective and dangerous highway condition in that the City of Danbury had failed to replace a stop sign at the intersection and that the collision was based upon breach of its duty to the plaintiff cannot recover against the city, and the defense will fail. On the other hand, if the highway defect is the sole proximate cause of the plaintiff's injuries, so that the plaintiff recovers damages based on Sec. 13a-149
against the city under the second count of the complaint, then the plaintiff cannot recover against Morlock on the first count, and the special defense becomes academic. A special defense is required only where the defendant contends that even if all the allegations in the complaint are true that the defense bars the cause of action. Section 164 of the Connecticut Practice Book.
A related question is whether the plaintiff must file CT Page 6558 a special defense to obtain a reduction by the percentage of negligence attributable to the city, even where the city is not liable to the plaintiff because the highway defect is not the sole proximate cause of the plaintiff's injuries. Ordinarily, there is no right of indemnity or contribution between joint tortfeasors. Ferryman v. Groton, supra, 142. Section 52-572h(c) provides that in a negligence action to recover damages that "if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable . . . damages. . . ." The trier is required to make a finding as to "the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property . . . ." Section 52-572h(f)(4) of the Connecticut General Statutes. Under section 52-572h, the trier only considers the proportionate share of negligence of parties to the case and parties released by the claimant pursuant to a release, settlement or similar agreement. Section 52-572h, subsections (d), (f) and (n) of the Connecticut General Statutes. Since it is a defendant in the second count, the city is a party to this case. There is nothing in the statute which suggests that the city's negligence should not be considered in determining the proportionate share of damages owed to the plaintiff by other defendants even though the city is not liable because its negligence is not the sole proximate cause of the injuries.
While the plaintiff's decision to include the city as a defendant may have the effect of reducing the amount of damages that the plaintiff can recover from the other defendants, it would be contrary to legislative intent expressed in subsections (c) and (f) of the statute to shift the entire damages to party defendants other than the municipality, when the negligence of the municipality was a partial cause of the injury. By including the city as a party, the plaintiff assumes the risk of a reduction in recoverable damages if the plaintiff fails to prove the city was the sole proximate cause of the plaintiff's injuries. The situation here is analogous to George v. Royer,5 Conn. L. Rptr. 301 (December 30, 1991, Pickett, J.) where it was held that even if a claim against one defendant was barred by the statute of limitations that the degree of negligence attributable to that defendant could be considered in computing the proportionate share of damages against the remaining defendant. CT Page 6559
Section 52-572h does not require each defendant to plead possible negligence of other defendants in order to obtain a determination of the proportional share of negligence and damages attributable to all parties and proper instructions to the jury in accordance with the statute. Section 52-572h, subsections (c) and (f) of the Connecticut General Statutes.
Since the second special defense to the first count does not affect the plaintiff's right to recover damages from the defendants, it is not a valid defense to that count and is not necessary to reduce the defendants' proportional share of damages at the time of trial.
The motion to strike the second special defense to the first count is granted.
Robert A. Fuller, Judge